Heeeernan, J.
(dissenting in part). I concur in the opinion of Mr. Justice Bbegan in which he holds that the proposed contract between the City of Oneida and M. H. Rhodes, Inc., for furnishing new parking meters is not required to be let upon competitive bidding. As he state* it is a self-liquidating enterprise in which an expenditure is not made or incurred and consequently does not create any municipal indebtedness.
I do not concur in the view however that the trade-in allowance for the old meters constitutes an expenditure within the meaning of the Charter provision in question.
At common law a corporation, municipal or otherwise could, unless restrained by the express terms of its Charter or by necessary implication dispose of its property in the same manner as private individuals. However there is a clear distinction recognized by practically all the authorities between property purchased and held by municipal corporations for the use of the corporation as an entity and that held by such corporations for the public use and benefit of its citizens. It has the unquestioned power to dispose of property acquired by it for strictly corporate uses and purposes but no power to alienate property acquired by it and dedicated to the public use.
The Charter of the City of Oneida and relevant legislative acts are the source of its power in respect to its property rights. *441 It is to be noted that the city Charter contains no requirement that the personal property of the city be sold at public auction or through competitive bidding. The appellant makes no claim here that the common council acted in bad faith or that its action is tainted by fraud or corruption. In the absence of such proof the city had the absolute right to dispose of the old meters to the vendor of the new ones. If the common council had authorized the sale of these old meters to some third person concededly no one could question the transaction in the absence of bad faith or fraud. The mere fact that the sale is made to the vendor of the new machines does not change the situation. The practical effect of combining what amounts to a sale of the old meters and the purchase of new ones in the same transaction is exactly the same as if the two transactions were entirely separate. The net cost of the new meters is the same and there is no additional burden placed on the taxpayers of the city.
For these reasons I dissent and vote to affirm the order, with $50 costs and disbursements.
Foster, P. J., Brewster and Deyo, JJ., concur with Bergan, J.; Heffernan, J., dissents, in part, in an opinion.
Order granting the relief sought in the petition reversed, on the law, and the petition dismissed with $50 costs to the appellant.
Order denying petitioner’s motion to strike out affirmative' defenses 6, 8, 9 and 10 in the answer reversed, on the law, and such defenses are stricken out, without costs.